# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

In Re: )
  )  **JUDGE RICHARD L. SPEER**
Joseph/Nancy Brown )
  )  Case No. 07-34580
  Debtor(s) )
  )

## DECISION AND ORDER

This cause comes before the Court after an Evidentiary Hearing on the Debtors' Objection to the Proof of Claim filed by the Creditors, David and Kathleen Spalding (Claim No. 16). The central matter placed before the Court at the Hearing concerned whether anticipated costs to be incurred by the Creditors to re-let their property are allowable pursuant to 11 U.S.C. § 502(b)(6). At the conclusion of the Hearing, the Court took the matter under advisement so as to afford the opportunity to thoroughly consider the issues presented by the Parties. The Court has now had this opportunity, and finds, for the reasons set forth herein, that any costs incurred by the Creditors to re-let their property are not recoverable as a part of their proof of claim.

## BACKGROUND

The Debtors in this matter, Joseph and Nancy Brown, sought relief in this Court under Chapter 13 of the United States Bankruptcy Code. A bankruptcy case filed under Chapter 13 allows a debtor to adjust their financial affairs by proposing a plan of reorganization through which a certain percentage of the debtor's obligations are repaid. In order for a creditor to participate in a distribution from a debtor's plan, the creditor must file a proof of claim. *See, e.g., In re Stewart*, 247 B.R. 515, 521 (Bankr. M.D.Fla. 2000) ("distributions pursuant to a chapter 13 plan are predicated upon the filing of a proof of claim."). Properly filed proofs of claim are deemed allowed unless a party objects. 11 U.S.C. § 502(a).

**In re: Joseph/Nancy Brown**
**Case No. 07-34580**

In the Debtors' bankruptcy case, the Creditors, David and Kathleen Spalding, filed a proof of claim in the amount of $135,330.57. The basis for the claim was set forth as a breach of a "Commercial Lease Agreement." Citing to 11 U.S.C. § 502(b)(6), the Debtors, while acknowledging a breach of their lease agreement with the Creditors, objected to the Creditors' proof of claim because it was "grossly exaggerated." (Doc. No. 44).

When a party files an objection to a proof of claim, § 502(b) directs the court to disallow the claim to the extent that any one of nine enumerated grounds for the claim's disallowance applies. Among the grounds, § 502(b)(6), as cited by the Debtors, provides:

> (b) Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that–
>
>> (6) if such claim is the claim of a lessor for damages resulting from the termination of a lease of real property, such claim exceeds–
>>
>>> (A) the rent reserved by such lease, without acceleration, for the greater of one year, or 15 percent, not to exceed three years, of the remaining term of such lease, following the earlier of–
>>>
>>>> (i) the date of the filing of the petition; and
>>>>
>>>> (ii) the date on which such lessor repossessed, or the lessee surrendered, the leased property; plus
>>>
>>> (B) any unpaid rent due under such lease, without acceleration, on the earlier of such dates[.]

The effect of this provision is to place a limit on the amount of a landlord's claim against the bankruptcy estate in the event of a breach of a lease by a debtor.

Page 2

In re: Joseph/Nancy Brown
Case No. 07-34580

At the commencement of the Hearing held on the Debtors' Objection to Claim, the Parties were able to narrow their points of contention – agreeing that, as applied to the formulaic limitation set forth in § 502(b)(6), the Creditors were entitled to a claim of $56,118.43. This claim consisted of three components: (1) past due rent of $21,589.73; (2) 12 months of unaccrued rent due under the Parties' lease agreement, totaling $33,980.64; and (3) $548.06 for unpaid utilities. The Debtors, however, continued their objection over one remaining component of the Creditors' proof of claim: Refitting costs (a.k.a., re-letting and re-leasing costs).

In their lease agreement, the Parties agreed that, in the event of a default by the Debtors, the Creditors were entitled to recover, as damages, refitting costs. These costs may be described as those which are necessary to make the leased property suitable for the needs of a replacement tenant. Such costs were contemplated in the following clause of the Parties' lease agreement:

> ARTICLE X. DEFAULT BY TENANT
>
> Landlord shall also have the right and option in any such event, to relet any portion of the Premises which would otherwise be leased to Tenant for the account of tenant without such reletting constituting a termination of this Lease, and Tenant shall also be liable in the event of such reletting for such expense, repairs, changes, alteration, or additions in or to the Premises as may be necessary in the opinion of the Landlord . . . .

(Doc. No. 105, Ex. 3, at pg. 11). At the time the Debtors filed their petition in bankruptcy, and continuing until the time of the Hearing held in this matter, the refitting costs asserted by the Creditors under this contractual provision had yet to be liquidated. However, for purposes of their proof of claim, the Creditors estimated their refitting costs to be, at a minimum, $58,260.00 – based upon a building size of 1942 square feet and a refitting charge of $30.00 per square foot.

Page 3

In re: Joseph/Nancy Brown
Case No. 07-34580

## DISCUSSION

Before this Court is the Debtors' objection to the proof of claim filed by the Creditors, David and Kathleen Spalding (Claim No. 16). A determination concerning an objection to a proof of claim is deemed by 28 U.S.C. § 157(b)(2)(B) to be a "core proceeding." Accordingly, on the Debtors' objection, this Court has jurisdiction to enter final orders and judgments. 28 U.S.C. § 157(b)(1).

Damages incurred by a lessor of real property and which are fully accrued and due at the time a bankruptcy petition is filed – *e.g.*, those for unpaid rent and other damages caused by breach of a lease's covenants – have always been allowed as a part of a creditor's claim in bankruptcy. *Accord* 11 U.S.C. § 502(b)(6)(B). The same, however, cannot be said for unaccrued damages, particularly future rent. Originally, claims for future rent and other like damages were completely disallowed in bankruptcy. The reason: "future lease payments were considered contingent and thus not provable debts in bankruptcy." *Saddleback Valley Community Church v. El Toro Materials Company, Inc. (In re El Toro Materials Co., Inc.)*, 504 F.3d 978, 979 (9th Cir.2007), *Manhattan Props., Inc. v. Irving Trust Co.*, 291 U.S. 320, 332-36, 338, 54 S.Ct. 385, 78 L.Ed. 824 (1934). *See also In re Owl Drug Co.*, 84 F.2d 342, 345 (9th Cir. 1934) ('if the [landlord's] claim is for unaccrued rent, it is not provable in bankruptcy.").

Where the property subject to the lease, however, was not capable of being re-let in a timely fashion, this placed a tremendous hardship on the lessor; besides depriving the lessor from the benefit of its bargain, as normally occurs to all creditors in bankruptcy, the lessor was also denied what was otherwise afforded to the debtor's other creditors: a right to have its claim liquidated and recognized against the estate. Based upon this inequity, Congress enacted the predecessor to § 502(b)(6)[1] which sought to strike a balance between compensating a lessor for its loss, while not

---

[1] Section 63(a)(9) of the Bankruptcy Act.

Page 4

In re: Joseph/Nancy Brown
Case No. 07-34580

allowing a claim so large, as could arise with a long-term lease, so as to prevent a meaningful recovery by the debtor's other unsecured creditors. Put differently, in derogation of prior case law, "Congress intended to compensate landlords for their actual damages while placing a limit on large future, speculative damages which would displace other creditors' claims." *Vause v. Capital Poly Bag, Inc.*, 886 F.2d 794, 801-02 (6th Cir. 1989). Section 502(b)(6) continues to balance these policy considerations by placing a monetary cap on a lessor's allowable claim.

Yet, simply because a proof of claim is filed by a lessor against a debtor/lessee, it does not result in the applicability of the § 502(b)(6) cap. *In re Storage Technology Corp.*, 53 B.R. 471, 475 (Bankr. D.Colo. 1985). By its specific language, § 502(b)(6) applies only to "the claim of a lessor for damages resulting from the *termination* of a lease of real property." (emphasis added). A claim held by a lessor which exists apart from the termination of a lease may, therefore, be allowed in its entirety, notwithstanding § 502(b)(6), so long as the claim is not disallowed for any of those other reasons set forth in § 502(b). 4 Collier on Bankruptcy ¶ 502.03[7][a] (15th ed. 1998).

There exists, however, no unanimity on where the demarcation line should be drawn so as to distinguish between those claims made on the basis of a lease's termination, and thus subject to the § 502(b)(6) cap, against those claims made by a lessor arising independent of the lease's termination. Where the issue is purely one of future rent due under a lease, the issue is simple: the right to assert such a claim arises from the termination of the lease, thereby making it subject to the § 502(b)(6) monetary cap. Matters, however, giving rise to a claim by a lessor, but not directly related to the rent due under a lease, are not so clear-cut. Refitting costs, such as those asserted by the Creditors, clearly fall within this category of non-rent claims. Other examples may include: repair costs, brokers' fees and taxes. *In re Atlantic Container Corp.*, 133 B.R. 980, 986-87 (Bankr. N.D.Ill. 1991).

Page 5

In re: Joseph/Nancy Brown
Case No. 07-34580

One approach to this matter holds that § 502(b)(6) is pervasive and will apply to a lessor's claim without regard to the type of damages involved. *In re Foamex Intern., Inc.*, 368 B.R. 383 (Bankr. D.Del. 2007); *Kuske v. McSheridan (In re McSheridan)*, 184 B.R. 91 (9th Cir. B.A.P. 1995); *In re Mr. Gatt's, Inc.*, 162 B.R. 1004 (Bankr. W.D.Tex. 1994). Other courts, however, have taken a more measured approach by limiting the application of § 502(b)(6) to solely those damages arising as a consequence of the lease being terminated. *In re Atlantic Container Corp.*, 133 B.R. 980 (Bankr. N.D.Ill.1991); *In re Bob's Sea Ray Boats, Inc.*, 143 B.R. 229 (Bankr. D.N.D. 1992); *In re Best Products Co., Inc.*, 229 B.R. 673 (Bankr. E.D.Va. 1998).

The latter approach was most recently adopted by the Ninth Circuit Court of Appeals in *In re El Toro Materials Co., Inc.*, with the court framing the dispositive question in these terms: "Assuming all other conditions remain constant, would the landlord have the same claim against the tenant if the tenant were to assume the lease rather than rejecting it?" 504 F.3d 978, 981 (9th Cir. 2007). Thus, based on this question, the court in *El Toro Materials* held that a creditor/lessor's damage claim of twenty-three million dollars, arising allegedly for the "mess" left behind on the lessor's property by the debtor/lessor, was not subject to the § 502(b)(6) cap because it would still have existed even had the debtor "accepted the lease and committed to finish its term[.]"

Obviously, from the perspective of the Creditors, the approach in *El Toro Materials* is more favorable as it excludes from the § 502(b)(6) cap claims made by a lessor that, on account of a contractual or statutory right, would still exist independently of the lease's termination. The approach is also consistent with the statutory language of § 502(b)(6) which adds a causal component to the provision's statutory cap by limiting its application to only damages "*resulting from* the termination of a lease of real property . . . ." (emphasis added).

However, even this more measured approach is not, under the particular circumstances of this case, helpful to the Creditor's position – that its refitting costs should be excluded from the cap of

Page 6

In re: Joseph/Nancy Brown
Case No. 07-34580

§ 502(b)(6). The Debtors' covenant, to be liable for any costs associated with refitting the leased property, was set forth in that portion of the Parties' lease entitled "Default by Tenant." No liability for refitting costs would have, therefore, arisen had the Debtors completed the terms of their lease with the Creditors.

It may, thus, be fairly stated that it was the Parties' intention to limit the Debtors' liability for refitting costs to solely those situations where the Debtors were in breach of their covenants under the lease agreement. Given this, it can only follow that the Debtors' liability for the refitting costs was, in the nomenclature of § 502(b)(6), a consequence directly "resulting from the termination of a lease of real property." As such, there is no discernable legal impediment against subjecting the Creditors' refitting costs to the statutory cap on damages set by § 502(b)(6). Moreover, subjecting the Creditors' anticipated refitting costs to the statutory cap of § 502(b)(6) fully aligns with the aim of the statute: "compensating a lessor for his loss while not allowing a claim so large (based on a long-term lease) as to prevent other general unsecured creditors from recovering a dividend from the estate." *Unsecured Creditors' Comm. of Highland Superstores, Inc. v. Strobeck Real Estate, Inc. (In re Highland Superstores, Inc.)*, 154 F.3d 573, 577 (6th Cir. 1998) (internal quotation omitted).

As authority that the individual circumstances of this case compel a different result, the Creditors cited the Court to three cases: *In re McSheridan*, 184 B.R. 91 (9th Cir. B.A.P. 1995); *In re Foamex Intern., Inc.*, 368 B.R. 383 (Bankr. D.Del. 2007); *In re Bob's Sea Ray Boats, Inc.*, 143 B.R. 229, 231 (Bankr. D.N.D. 1992). But as now briefly discussed in order of enumeration, these decisions do not support the Creditors' position that their refitting costs should be excluded from the statutory cap of § 502(b)(6).

First, the *In re McSheridan* decision runs tangential to the Creditors' position because it only addressed the issue of whether costs not designated as "rent" in a lease could be construed, for purposes of subparagraph (A) of § 502(b)(6), as "rent reserved" in the lease. Resolution of this issue,

Page 7

**In re: Joseph/Nancy Brown**
**Case No. 07-34580**

however, does not address the more fundamental question, *supra*, of whether a cost is actually subject to the statutory cap of § 502(b)(6). In this regard, the term "rent reserved," as used in § 502(b)(6)(A), only forms the starting point for calculating the statutory cap once the cost has already been determined to be subject to the statutory cap. It is also noted that the *In re McSheridan* decision was specifically overruled by the Ninth Circuit Court of Appeals in the *El Toro Materials* decision discussed earlier. 504 F.3d at 981-82.

The Creditors also misread *In re Foamex Intern*. In *In re Foamex Intern*, the court concluded that a lessor's claim for damages, which arose from the debtor's breach of a covenant to repair and properly maintain the leased property, was subject to § 502(b)(6). The reasoning for this decision rested on the court's conclusion that a breach of the covenant to repair did not result in a separate claim, apart from the general claim for the termination of the lease. The viability of the Creditors' position, however, relies on the opposite conclusion – that its claim for refitting costs arose separately from the Debtors' termination of the Parties' lease agreement. The decision of *In re Bob's Sea Ray Boats, Inc.*, follows a different pattern, but is equally unhelpful to the Creditors' position.

The decision of *In re Bob's Sea Ray Boats, Inc.*, unlike *In re Foamex Intern*, represents the more permissive approach, discussed *supra*, some courts have taken when determining the application of § 502(b)(6). In this way, the court in *In re Bob's Sea Ray Boats, Inc.*, found that a claim by a lessor for damages incurred to repair a leased property was separate from the underlying breach of the lease, and therefore not subject to the statutory cap of § 502(b)(6). However, the reasoning of this decision is inapplicable in this case because, as was also explained earlier, the Debtors' obligation in this particular matter to pay the Creditors' refitting costs arose directly from the Debtors' breach of the Parties' lease agreement. Therefore, unlike in *In re Bob's Sea Ray Boats, Inc.*, the Creditors' claim cannot be considered distinct and separate from the Debtors' termination of their lease agreement.

Page 8

In re: Joseph/Nancy Brown
Case No. 07-34580

In summation, the refitting costs sought by the Creditors as a part of their proof of claim, having arisen directly from the Debtors' breach of the Parties' lease agreement, are subject to the statutory cap on lease damages set forth in 11 U.S.C. § 502(b)(6). Accordingly, with the Parties having agreed that § 502(b)(6) caps the Creditors' damage claim for a breach of the Parties' lease at $56,118.43, a claim in favor of the Creditors will be allowed against the Debtors' bankruptcy estate in that amount. In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that the Objection of the Debtors, Joseph and Nancy Brown, to Proof of Claim Number 16 filed by the Creditors, David and Kathleen Spalding, in the amount of $135,330.57 is hereby SUSTAINED to the extent provided in this Decision.

***IT IS FURTHER ORDERED*** that, pursuant to 11 U.S.C. § 502(b)(6), the Creditors, David and Kathleen Spalding, are hereby allowed a claim in this case in the amount of Fifty-Six Thousand One Hundred Eighteen and 43/100 dollars ($56,118.43).

Dated: October 23, 2008

_____
Richard L. Speer
United States
Bankruptcy Judge

Page 9

# CERTIFICATE OF SERVICE

Copies were mailed this 23rd day of October 2008 to:

Joseph L Brown
163 Carpentersville Rd
Phillipsburg, NJ 08865

Nancy A Brown
163 Carpentersville Rd
Phillipsburg, NJ 08865

Elliot H Feit
520 Madison Ave, #930
Toledo, OH 43604

Kathleen Spalding
David Spalding
10904 Ramm Rd
Whitehouse, OH 43571

Margaret M Weisenburger
617 Miami St
Toledo, OH 43605

John P. Gustafson
Chapter 13 Trustee
316 N. Michigan St, #501
Toledo, OH 43604

        /s/Diana Hernandez
        Deputy Clerk, U.S. Bankruptcy Court